UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEONARD DORANCE OSTRANDER | Case No. 23-10803 |
| Plaintiff, | Linda V. Parker<br>United States District Judge |
| v. | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| R. SMITH and JOHN DOE, | |
| Defendants.<br>_____/ | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)

Plaintiff filed this case on April 7, 2023, without the assistance of counsel. Defendant Smith was served in July. On August 11, 2023, Plaintiff moved for summary judgment, arguing that there are no questions of material fact and he is entitled to judgment as a matter of law. (ECF No. 18). This matter is presently before the Court regarding Plaintiff's motion for summary judgment. This case was referred to the undersigned for all pretrial matters. (ECF No. 15).

A motion for summary judgment is premature where the parties have not had an opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir. 2001). "A court may rule on a motion for summary judgment *only after* the nonmoving party has had adequate time for discovery." *E. Kentucky*

1

*Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (internal quotations omitted, emphasis added) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Summary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit. *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011); *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010); *see also Harris v. Jiangsu ASG Earth Env't Prot. Sci. and Tech. Co., Ltd.*, 2014 WL 4661953, at *2-3 (E.D. Ky. Sept. 18, 2014) (collecting cases).

Here, there has been no exchange of discovery. Defendant filed an answer to the complaint on August 15, 2023. The Court will enter a scheduling order with this report and recommendation that begins the discovery period. Because the parties have not conducted discovery, the undersigned suggests that a ruling on the merits of this motion for summary judgment would be improper. *E. Kentucky Cardiothoracic Surgery, P.S.C.*, 119 F. App'x at 717; *CLT Logistics*, 777 F. Supp. 2d at 1076 ("The better course for a court faced with a pre-discovery summary judgment motion will often be to deny the motion without prejudice or to defer consideration until some discovery has occurred.") (quoting 11 Moore's Federal

Practice § 56.60 (3d ed. 2010)). Plaintiff may consider refiling the motion after the parties have engaged in discovery.

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED WITHOUT PREJUDICE.** (ECF No. 18).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 17, 2023 

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 17, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850