UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DORANCE OSTRANDER,

      Plaintiff,

v.                                     Case No. 23-cv-10803
                                        Honorable Linda V. Parker

R. SMITH and JOHN DOE,

      Defendants.
_____/

**<u>OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S AUGUST 17, 2023 REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

      Plaintiff filed a pro se Complaint on April 7, 2023, claiming that Defendants violated his First and Eighth Amendment rights.  The matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 15.)  On August 11, Plaintiff filed a motion for summary judgment.  (ECF No. 18).  The matter is presently before the undersigned on Magistrate Judge Ivy's Report and Recommendation (R&R), dated August 17, recommending the denial of Plaintiff's motion.  (ECF No. 20.)

      In the R&R, Magistrate Judge Ivy recommends the denial of Plaintiff's motion because it was filed before the parties engaged in discovery.  (*Id.* at PageID

1

71.) As Magistrate Judge Ivy points out, motions for summary judgment generally are premature before the nonmovant has an adequate time for discovery. (*Id.* (citing cases).) A scheduling order including a deadline for discovery was entered contemporaneously with the filing of the R&R. (*See* ECF No. 23.)

At the conclusion of the R&R, Magistrate Judge Ivy informs the parties that they must file any objections to the R&R within fourteen days. (ECF No. 20 at PageID 72.) Plaintiff filed objections on September 6. (ECF No. 89.) In his objections, Plaintiff does not take issue with Magistrate Judge Ivy's reasoning for denying his motion—i.e., that it is premature before Defendants have had the opportunity to engage in discovery. (*See generally id.*) Instead, he argues that he has been unsuccessfully attempting to obtain discovery from them. (*Id.*)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report

2

releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

    The Court has made a de novo determination of those portions of the R&R to which Plaintiff objects and reaches the same conclusion as Magistrate Judge Ivy. A different outcome is not warranted by Plaintiff's alleged difficulties obtaining discovery from Defendants. If Plaintiff continues to experience obstacles securing discovery now that a scheduling order has issued, he may file an appropriate motion under the Federal Rules of Civil Procedure.

    For these reasons, the Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Ivy's recommendations.

    Accordingly,

    **IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 18) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 16, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 16, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager